UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LONDON

| | | |
|---|---|---|
| CHARLES MICHAEL LAKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:20-CV-057-REW |
| | ) | |
| Commissioner of SSA, | ) | |
| | ) | OPINION & ORDER |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Charles Michael Lake appeals the Commissioner's denial of his application for Disability

Insurance Benefits (DIB). DE 12. The parties filed dueling summary judgment motions. DE 12

(Plaintiff's Motion for Summary Judgment); DE 14 (Defendant's Motion for Summary Judgment).

The full record appears at DE 10-1 and 15-1. The Court, having considered the full record under

governing law, **GRANTS** the Commissioner's motion (DE 14) and **DENIES** Lake's motion (DE

12). Substantial evidence supports the findings resulting in the administrative ruling, and the

decision rests on proper legal standards.

### I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On August 9, 2018, Lake applied for a period of disability and disability insurance benefits,

alleging an onset date of August 1, 2018. R. 16.[1] Lake alleged in his filing that the following

---

[1] Lake did not apply for SSI. R. 302. This is his second disability claim. R. 147. His first, alleging
an onset date of January 17, 2016 was denied on July 27, 2018. R. 158. Lake did not appeal. *Id.*
Obviously, the onset date in this application is on the heels of the prior denial. Lake does not allege
any error in Judge Hall's treatment of the prior decision. Nor does the Court see one. The principles
of *res judicata* apply to the Government and claimants alike in subsequent SSA proceedings, but
"they do not prevent the agency from giving a fresh look to a new application . . . that covers a

conditions render him legally disabled: PTSD/Depression/Anxiety, TVI, Migraines with vertigo,

sleep apnea, idiopathic hypersomnia, nerve damage in neck, numbness in right arm, pain in both

shoulders, neck and back pain, high blood pressure, and tremors. R. 165. After an initial review,

experts at Social Security denied the claim. R. 165-179. Upon request from Lake, another set of

SSA experts reconsidered the claim and again concluded that Lake was not disabled. R. 197, 204.

Lake appealed that finding, resulting in a hearing before Administrative Law Judge Brandie Hall.

R. 216-17.  After a hearing and review, Judge Hall too concluded that Lake "has not been under a

disability, as defined in the Social Security Act, from August 1, 2018 through the date of this

decision." R. 26.

In her decision, the ALJ made the following findings in accordance with Social Security's

required five-step sequence. R. 19-26. First, that Lake "meets the insured status requirements of

the Social Security Act through December 31, 2022." R. 19. Next, that Lake "has not engaged in

substantial gainful activity since August 1, 2018," the alleged onset date. R. 19. The ALJ then

found that Lake "has the following severe impairments: diastolic dysfunction; migraines;

degenerative changes of the lumbar and cervical spine; post-concussion syndrome; right shoulder

pain status post right rotator cuff and labral repair with partial recurrent tear; record of right rotator

cuff repair; chronic pain syndrome; left shoulder rotator cuff syndrome; obesity; anxiety;

---

new period of alleged disability while being mindful of past rulings and the record in prior proceedings." *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929, 931 (6th Cir. 2018). Here, Judge Hall properly struck that balance. She considered the prior decision where relevant while also adopting a fairly liberal approach to the post-decisional proof, essentially opting to expand the list of severe impairments and corresponding limitations despite doubts about the quality and significance of the proof.  Despite that, the ALJ found no disability. Her handling and conclusions pass the deferential review standards to be applied.

depression; and post-traumatic stress disorder (PTSD)[.]" R. 19.[2] Judge Hall then determined that

Lake does not have "an impairment or combination of impairments that meets or medically equals

the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR

404.1520(d), 404.1525 and 404.1526)." R. 19. She then defined Lake's Residual Functional

Capacity (RFC) in accordance with her "careful consideration of the entire record," yielding her

view of the medical, testimonial, and other record evidence. R. 21.  Based on that RFC, Judge Hall

concluded that Lake is no longer capable of past work but is still capable of certain "sedentary

work" (per § 404.1567(a)) in jobs that exist in significant numbers in the national economy. R. 24-

26.

In arriving at this decision, Judge Hall considered all of Lake's claimed symptoms and the

extent to which those symptoms were consistent with other relevant medical evidence, pursuant to

20 CFR § 404.1529 and SSR 16-3p.[3] R. 21-22. She found the degree of Lake's subjective

complaints and symptomology inconsistent, or not entirely consistent, with objective evidence in

the record (*e.g.*, imaging and testing of Lake's back and neck, Lake's recently noted "normal gait,"

"grossly normal" motor strength, "mildly decreased" strength, and recent testing—including a

lumbar study and CT scan—that revealed only mild or moderate corroborative findings). R. 22-

23. She similarly found Lake's claim of a disabling mental condition or conditions inadequately

supported in the record, given Lake's conservative treatment history, rendered on an outpatient

basis, and his ability to perform basic tasks like prepare meals for himself, maintain a driver's

license, perform chores, and serve as a parent. R. 20, 23.  Threaded through her findings were

references to the relevant medical history as well as notation of Lake's medical record as

---

[2] Judge Hall found "there is no 'severe' obstructive sleep apnea[.]" R. 19.
[3] SSR 16-3P(2)(a) (S.S.A.), 2017 WL 5180304 (Oct. 25, 2017).

"populated with subjective complaints for which no objective validation is obtainable." R. 22. She founded this on repeated disconnection between Lake's reported conditions and the negative, "unremarkable," or "mild" diagnoses resulting from corresponding examinations over time. R. 22.

Judge Hall fully addressed the influence or consideration she gave various medical opinions in the record. She found the opinion of Reba Moore, Psy. S., a privately referred psychological practitioner that conducted a consultative examination of Lake, "not persuasive." R. 24. To support this, Judge Hall pointed out that Moore's one-off opinion was inconsistent with the broader record (including largely conservative treating mental health records) and overly reliant on Lake's subjective statements. R. 24. Moore's views also clashed largely with those of the state reviewers, who themselves harmonized with the recent adjudicated disability denial.

Judge Hall repeatedly referenced VA records. She also explained that she considered Lake's VA disability ratings (much of which pre-dated the prior determination) and found them useful for identification and discussion of his impairments, but that the VA's conclusions on Lake's "assessment of disability compensation/rating" were not properly considered in terms of persuasiveness. R. 24. Judge Hall also relied on a vocational expert's (VE) testimony that a person with Lake's abilities and limitations, per the RFC, is capable of work that exists in significant numbers in the national economy. R. 25.

For these reasons, Judge Hall determined that Lake was not disabled during the targeted period and denied the claim. R. 24. Lake unsuccessfully petitioned the Appeals Counsel. R. 1, and now seeks relief in federal court.

## II.    ANALYSIS
### A.  Standard of Review

The Court has carefully considered the ALJ's decision, the transcript of the administrative hearing, and the pertinent administrative record. The Court has turned every apt[4] page, primarily focusing on the portions of the record to which the parties specifically cite.

Judicial review of an ALJ's decision to deny disability benefits is a limited and deferential inquiry into whether substantial evidence supports the denial's factual decisions and whether the ALJ properly applied relevant legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009); *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 91 S. Ct. 1420, 1427 (1971)); *see also* 42 U.S.C. § 405(g) (providing and defining judicial review for Social Security claims) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]").

Substantial evidence means "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994); *see also Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). The Court does not try the case *de novo*, resolve conflicts in the evidence, or revisit questions of credibility. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). Similarly, the Court does not reverse findings of the Commissioner or the ALJ merely because the record contains evidence—even substantial evidence—to support a different conclusion. *Warner*, 375 F.3d at 390. Rather, the Court must affirm the agency decision if substantial evidence supports it, even if the Court might have decided

---

[4] That is, those records relevant to the particular issues Lake presents for review.

the case differently if in the ALJ's shoes. *See Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir. 1999).

The ALJ, when determining disability, conducts the recognized five-step analysis. *See Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At Step 1, the ALJ considers whether the claimant is performing substantial gainful activity. *See Preslar*, 14 F.3d at 1110; 20 C.F.R. § 416.920(a)(4)(i).[5] At Step 2, the ALJ determines whether one or more of the claimant's impairments are severe. *Preslar*, 14 F.3d at 1110; 20 C.F.R. § 416.920(a)(4)(ii). At Step 3, the ALJ analyzes whether the claimant's impairments, alone or in combination, meet or equal an entry in the Listing of Impairments. *Preslar*, 14 F.3d at 1110; 20 C.F.R. § 416.920(a)(4)(iii). At Step 4, the ALJ defines RFC and considers whether the claimant can perform past relevant work. *Preslar*, 14 F.3d at 1110; 20 C.F.R. § 416.920(a)(4)(iv). The inquiry at this stage (if applicable) is whether the claimant can still perform that type of work, not necessarily the specific past job. *See Studaway v. Sec'y of Health & Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987). Finally, at Step 5, when the production burden shifts to the Commissioner, if the claimant cannot perform past relevant work, the ALJ determines whether significant numbers of other jobs exist in the national economy that the claimant can perform, given the applicable RFC. *See Preslar*, 14 F.3d at 1110; 20 C.F.R. §§ 404.1520(a)(4),  416.920(a)(4)(iv). If the ALJ determines at any step that the claimant is not

---

[5] Lake seeks only Disability Insurance Benefits. He did not apply for SSI. R. 302. Accordingly, 20 C.F.R. § 404 (Disability Insurance) controls, not § 416 (regulation for SSI). However, the "standard of review for supplemental security income cases mirrors the standard applied in social security disability cases." *Bailey v. Sec'y of Health & Human Servs.*, 922 F.2d 841, No. 90-3265, 1991 WL 310, at *3 (6th Cir. Jan. 3, 1991) (table); *see also Roby v. Comm'r of Soc. Sec.*, No. 12-10615, 2013 WL 451329, at *3 (E.D. Mich. Jan. 14, 2013) ("The standard for disability under both the DIB and SSI programs is virtually identical."), *adopted in* 2013 WL 450934 (E.D. Mich. Feb. 6, 2013).  Accordingly, 20 C.F.R. §§ 404 and 416 are largely interchangeable.

disabled, the analysis ends at that step. *Mowery v. Heckler*, 771 F.2d 966, 969 (6th Cir. 1985); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

When reviewing the ALJ's application of the legal standards, the Court gives deference to her interpretation of the law and reviews the decision for reasonableness and consistency with governing statutes. *Whiteside v. Sec'y of Health & Human Servs.*, 834 F.2d 1289, 1292 (6th Cir. 1987). In a Social Security benefits case, the agency's construction of the statute should be followed "unless there are compelling indications that it is wrong." *Merz v. Sec'y of Health & Human Servs.*, 969 F.2d 201, 203 (6th Cir. 1992) (quoting *Whiteside*, 834 F.2d at 1292).

B.   The ALJ did not reversibly err

Lake roughly divides his motion into two overlapping arguments: (1) the ALJ failed to properly consider the evidence in the record suggesting a disability and (2) the ALJ's decision is not supported by substantial evidence. DE 12-1 at 10, 14. The Court now addresses, and rejects, each in turn. The Court also addresses and rejects Lake's claim that the VE's testimony and the decision that it informed were tainted by a faulty hypothetical.

*The ALJ Properly Considered All Relevant Evidence in*
*Finding Lake Not Disabled*

Lake's first argument is that the ALJ failed to properly consider the evidence that Lake has a qualifying disability. DE 12-1 at 10. Specifically, Lake maintains that his subjective complaints, VA treatment records and disability designation, and the opinion of consulting Psy. S. Moore collectively compel a finding of total disability. DE 12-1 at 11-14. Lake states that Judge Hall's

contradictory conclusion reveals her failure to properly consider the evidence in the record. DE 12-1 at 10-11.[6] The Court disagrees.

A claimant's subjective complaints of pain or other symptoms are, of course, valid evidence for an ALJ to consider when reviewing a disability claim. *Blankenship v. Bowen*, 874 F.2d 1116, 1123 (6th Cir. 1989); 20 C.F.R. §§ 404.1520(e), 1529. However, such complaints are not, in a vacuum, outcome determinative. *See* SSR 16-3P(2)(a). They are part of a holistic review, considered alongside other factors, including the objective medical evidence and other evidence and opinions in the record. *Id.* Accordingly, "an ALJ is not required to accept the claimant's complaints at face value[,] but may discount them based on several factors, including the claimant's daily activities," the claims' independent evidentiary support, treatment and treatment efficacy, and other factors relevant to the claimant's functional limitations and restrictions. *Henderson v. Comm'r of Soc. Sec.*, No. 1:19-CV-2913, 2020 WL 7481544, at *12-13 (N.D. Ohio Nov. 24, 2020), *report and recommendation adopted*, No. 1:19-CV-2913, 2020 WL 7480666 (N.D. Ohio Dec. 18, 2020).

Here, Judge Hall fully and properly considered Lake's complaints about his health and weighed them against evidence in the record. R. 23. She conceded that Lake has "severe" depression and post-traumatic stress disorder. R. 19. But she reasoned that Lake's conservative mental health treatment, rendered on an outpatient basis, is not consistent with the claimed degree of impairment and a finding of total disability. R. 20, 23. Judge Hall similarly concluded that objective medical testing did not corroborate a disabling mental condition relative to neurology; a CT scan showed no apparent physiological source for Lake's headaches and tremors and VA

---

[6] The argument also sounds in a substantial evidence claim. But, because Lake raises that claim more directly in his second argument, the Court addresses it there.

records described Lake's traumatic brain injury as mild. R. 22.  Judge Hall also determined that Lake's mental impairments do not suggest total disability since he can make modest meals, maintain a driver's license, count change, perform chores, and participate in his marriage and help raise his children. R. 20-21.

The ALJ also properly addressed Lake's subjective complaints of physical disability. She noted that Lake's complaints of "neck and back pain [are] largely general in nature" and "relatively stable with conservative medication management." R. 22. She discussed examinations that showed only "miniscule" or "mild" issues (*e.g.*, Lake's 2019 lumbar study, chest scans, and shoulder x-rays; Lake's emergency room visit and testing that did not corroborate a basis for Lake's complaints of generalized weakness). R. 22. Based on this complete review of the evidence, Judge Hall rejected a disability finding in part because Lake's record is "populated with subjective complaints for which no objective validation is obtainable." R. 22. Thus, Lake is wrong to suggest Judge Hall did not consider his subjective complaints; she considered them but found them insufficient in light of the full record.

Next, Lake argues that the ALJ improperly disregarded the opinion of practitioner Moore, who opined that Lake had virtually no ability to function socially in a work environment. DE 12-1 at 10-12. Lake's premise is that the ALJ failed to weigh Moore's opinion in accordance with SSA regulations. Section 404.1520c directs how to evaluate medical opinions for claims filed after March 27, 2017. Under that regulation, no opinion is given any specific evidentiary weight—including controlling weight. § 404.1520c(a). Instead, each medical opinion is weighed upon consideration of several factors, including primarily the extent to which the opinion is supportable (as defined) and consistent with other evidence in the record. *Id*. Here, Judge Hall appropriately considered Moore's opinion in accordance with the § 404.1520c factors. She noted Moore's

thoroughgoing reliance on subjective aspects of Lake's presentation and flagged the absence of consistency between Moore's views and the current and historical medical history and documentation. R. 24. While perhaps not an exhaustive discussion, the ALJ plainly took Moore fairly into account, and the decision shows awareness of and reasonable application of the proper evaluative rubric, with a defensible conclusion.

Lake also argues the ALJ failed to properly confront his treatment history, records, and disability designation with the VA. The record contradicts this claim. Judge Hall acknowledged and cited to Lake's VA treatment history at several points throughout her decision. *See, e.g.,* R. 22-23 (discussing VA records on Lake's traumatic brain injury and psychological treatment). Judge Hall also determined that Lake has severe depression and PTSD. R. 19. Thus, there is no basis in the record for the alleged error.

Lake's claim that his designation as 100% disabled by the VA should have compelled a disability finding here has no legal merit. DE 12-1 at 11-13. Judge Hall correctly declined to adopt this suggested, broad notion of categorical eligibility. "As SSA regulations explain, government agencies have different criteria for determining whether someone is disabled. Thus, one agency's disability determination is not binding on the SSA." *Kessans v. Comm'r of Soc. Sec.*, 768 F. App'x 531, 535 (6th Cir. 2019). Judge Hall was obligated only to "consider [the] VA's disability decision and explain reasons for the weight she assign[ed] to it." *Id.* (quoting *Joseph v. Comm'r of Soc. Sec.*, 741 F. App'x 306, 310 (6th Cir. 2018)) (internal quotation marks omitted). Here, she did that by acknowledging the VA's disability ratings and explaining the utility and limitations she assigned. *Kessans*, 768 F. App'x at 535; R. 24. Indeed, under the regulation in effect for this claim, and given the unique "rules" system to system, the ALJ "will not provide any analysis . . . about a

decision made by any other governmental agency . . . about whether you are disabled[.]"  20 CFR § 404.1504.[7]

In short, the ALJ properly considered Lake's subjective statements and the other evidence in the record. There is no basis for reversal. She complied with SSR 16-3p and § 404.1529. Lake's suggestion that the ALJ should have considered Lake's credibility is based on an outdated policy. The Social Security Administration has "eliminated the term 'credibility' from its sub-regulatory policy." *Henderson*, 2020 WL 7481544, at *13 (citing SSR 16-3p).[8]

*The RFC was Properly Incorporated into the ALJ's Hypothetical Questions to the VE*

Lake also alleges that reversal is warranted because Judge Hall's hypothetical questions to the VE did not match the RFC ultimately formulated for Lake. DE 12-1 at 12. This, says Lake, means that the ALJ's conclusion is not supported by substantial evidence because of a mismatch between the VE's proof and the limitations actually assigned Lake in the RFC. The record refutes the claim; the ALJ accurately phrased the RFC during the hearing.

The colloquy between a vocational expert and an ALJ plays an important role in the disability determination. 20 C.F.R. § 404.1520(a)(4)(v). The ALJ formulates the claimant's potential RFC and then uses that RFC to post hypothetical questions to the VE about the types of jobs available to a person with the claimant's limitations. *Wilson v. Comm'r of Soc. Sec.*, 783 F. App'x 489, 506 (6th Cir. 2019). If the VE testifies that the hypothetical person (whose abilities and mental and physical limitations accurately reflect the claimant's) is capable of work that exists in

---

[7] Lake makes some generic complaints about unaddressed maladies from the VA records.  Those arguments, not developed sufficiently by citation to the record, warrant no analysis.
[8] Lake's assertion that the ALJ erroneously failed to consider the listings of 12.04 or 12.06 is similarly confounding. *See* DE 12-1 at 11. Judge Hall explicitly considered, discussed, and made findings about those exact listings. R. 20.

significant numbers in the national economy, the ALJ may use that testimony as substantial

evidence to support a finding of no disability. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152, 203 L.

Ed. 2d 504 (2019) (citing §§ 404.1560(c)(1), 416.960(c)(1); §§ 404.1566, 416.966); *Wilson*, 783

F. App'x at 506; *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987);

*see also Anderson v. Comm'r of Soc. Sec.*, 406 F. App'x 32, 35 (6th Cir. 2010) (discussing the

threshold for a "significant number" of jobs).

Here, Judge Hall established the following RFC for Lake at the fourth step of the sequential

analysis:

> After careful consideration of the entire record, the undersigned finds that the
> claimant has the residual functional capacity (RFC) to perform sedentary work as
> defined in 20 CFR 404.1567(a) that does not require climbing ladders, ropes, and
> scaffolds or bilateral overhead reaching; more than occasional crawling; more than
> frequent climbing ramps and stairs, balancing, stooping, kneeling, or crouching;
> any exposure to vibration and hazards; or more than occasional exposure to cold
> temperature extremes. Mentally, he can understand, remember, and carry out
> simple instructions and tasks in an object-focused environment; tolerate occasional
> interaction with coworkers and supervisors; have no conduct with the public; and
> adapt to occasional, gradually introduced workplace changes.

R. 21. At the hearing, she posed three hypothetical questions to the testifying VE. The second,

with the VE's response, supported the ALJ's finding of no disability. DE 15-1 at 27-29; R. 25.

In that hypothetical, Judge Hall (incorporating and modifying the just-posed first

hypothetical) asked the VE whether jobs exist for a person with Lake's age, education, and work

history, capable of only sedentary work, who could never tolerate vibration or hazards, climb

ladders, ropes, scaffolding or reach overhead bilaterally; tolerate only occasional crawling or

exposure to cold temperature extremes; tolerate no more than frequent climbing of ramps or stairs,

balancing, stooping and kneeling or crouching; who would need to work in an object-focused

environment with no interactions with the general public; who could handle only occasional

interaction with coworkers and supervisors; and who is capable of adapting only to occasional, gradually introduced workplace changes. DE 15-1 at 27-28. The VE responded that such a person could work as a document preparer, bookkeeping clerk, ticket checker, or as a surveillance system monitor; she discussed the number of those jobs available. DE 15-1 at 28. Judge Hall then relied on that testimony in concluding that Lake was not disabled because he could perform jobs that exist in significant numbers in the national economy. R. 25-26.

A hypothetical question must reference "all of a claimant's limitations," but not all of his "medical conditions[.]" *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004) (citing *Foster v. Halter,* 279 F.3d 348 (6th Cir. 2001)). Here, the second hypothetical does exactly that. Each limitation in the RFC is reflected in the second hypothetical (again, built on the first). Because the hypothetical person's limitations equaled or exceeded Lake's RFC, the VE's testimony validly constitutes "substantial evidence" to support the decision. *Varley*, 820 F.2d at 779.

### The ALJ's Decision is Supported by Substantial Evidence

Lake's second major argument is that the ALJ's decision is not supported by substantial evidence. DE 12-1 at 14. He does little to give purpose or form to this generalized, conclusory claim. Instead of providing supportive citations to the present record, Lake mostly just lobs disability-related legal rules into his motion without context, apparently hoping that one will stick. The case presents a 1500-page record; the Court has no obligation to build out undeveloped arguments. *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 490–91 (6th Cir. 2006). Under the applicable standards, the Court will not "formulate arguments on [Lake's] behalf, or . . . undertake an open-ended review of the entirety of the administrative record[.]" *Id.*

Lake claims that the record, considered in its entirety, demands a finding of disability and that Judge Hall's contradictory decision lacks support. DE 12-1 at 15. This is a variant of the already discussed substantial evidence rule. Under that rule, an ALJ's decision must be upheld if it is supported by "substantial evidence"—*i.e.*, the amount of evidence a "reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286. Evidence in the record supporting a different conclusion does not mean that the decision lacks substantial evidence. *Warner*, 375 F.3d at 390. Here, Judge Hall supported her conclusion by considering the full record and citing to objective medical evidence and other evidence indicating that Lake was neither physically nor mentally disabled. R. 19-23. Lake offers no reason or explanation for why the evidence Judge Hall cited should not be considered. Therefore, his claim that contradictory evidence refutes Hall's conclusion is legally insufficient. The Court must uphold the reasonably supported adjudication. *Longworth*, 402 F.3d at 595.

For the same reasons, the Court rejects Lake's suggestion that the ALJ's decision improperly rests on a selective reading and application of the evidence. DE 12-1 at 14 (citing *Blanks v. Richardson*, 439 F.2d 1158 (5th Cir. 1971)). Lake leans on *Howard v. Comm'r of Soc. Sec.,* 276 F.3d 235, 240 (6th Cir. 2002) to support this argument. DE 12-1 at 15. The case is inapposite. The improper cherry-picking issue in *Howard* was that the ALJ improperly relied on only select sections of a single report while ignoring other material information in that same report. 276 F.3d at 240. Here, Lake does not contend that the ALJ either improperly consulted only select portions of sources in the record or select portions of the record. Lake's second citation to *Howard,* to support his suggestion that the ALJ violated the treating physician rule, is also unpersuasive. DE 12-1 at 15. First, he does not name a treating source whose opinion Hall allegedly disregarded.

14

But, more importantly, the treating source rule is not at issue here. The Court has already addressed why Judge Hall's opinion complies with the mandates of § 404.1520c.

Finally, Lake cites § 404.1529 in broadly declaring that an ALJ is required to address each of a claimant's medically determinable impairments. DE 12-1 at 15.  Lake includes no details in the dragnet theory.  Again: "When a plaintiff fails to offer any particularized argument to support her assertion, this Court will not 'formulate arguments on the Plaintiff's behalf' or engage in an 'open-ended review of the entirety of the administrative record[.]'" *Tipton v. Astrue*, No. CIV.A. 11-50-DLB, 2011 WL 5078755, at *6 (E.D. Ky. Oct. 25, 2011) (quoting *Hollon*, 447 F.3d at 491). Lake's mere recitation of a rule statement does not frame a cognizable argument or trigger detailed assessment by the Court.

Accordingly, upon the required deferential review, the Court finds that Judge Hall properly applied relevant legal standards and that substantial evidence girds her decision.  *Blakley*, 581 F.3d at 405; *Jordan*, 548 F.3d at 422; *Brainard*, 889 F.2d at 681; *see also* 42 U.S.C. § 405(g).

### III.    CONCLUSION

 For all of the stated reasons, the Court **GRANTS** DE 14 and **DENIES** DE 12. The Court will enter a separate Judgment.

This the 15th day of April, 2021.

Signed By:
*Robert E. Wier*
United States District Judge

15